UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JESSICA MONIQUE ROWELL, | Civil No. 12-1656 (JNE/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| RAMSEY COUNTY SHERIFF'S DEPARTMENT, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is attempting to sue the above-named Defendant, Ramsey County Sheriff's Department, for allegedly violating her rights under the Fifth and Fourteenth Amendments to the federal Constitution. (Complaint, [Docket No. 1], p. 3, ¶ 4.) The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "Sergeant Tom Paget is investigating the case, he has all the recordings.
> 651-266-9290 425 Grove Street. 55101."

(Complaint, p. 4, ¶ 7.)

Based on this brief cryptic allegation alone, Plaintiff is seeking legal redress described as follows:

"Pay out $57,000 in compensation for Sheriffs [sic] Brutaillity [sic]."

(Complaint, p. 4, "Request for Relief.")

## II.  DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory.  See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

The Court finds that Plaintiff's current complaint fails to state an actionable claim for relief, because it does not allege any specific historical facts that could entitle Plaintiff to any judgment against the named Defendant under any conceivable legal theory.  The complaint does not describe anything that Defendant did (or failed to do) that could be

2

viewed as a violation of Plaintiff's rights under the Fifth or Fourteenth Amendment, or under any other legal precept.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Again, Plaintiff has not described any facts that could entitle her to any legal redress against the named Defendant (or anyone else) under any legal theory. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.[1]

Because Plaintiff has not pleaded an actionable claim for relief, the Court recommends that her IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: July 20, 2012

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

---

[1] The Court also notes that Ramsey County Sheriff's Department is not a cognizable legal entity that has the capacity to be sued. See In re Scott County Master Docket, 672 F.Supp. 1152, 1163, n. 1 (D.Minn. 1987) (holding that Minnesota sheriffs' departments "are not legal entities subject to suit"), aff'd, 868 F.2d 1017 (8th Cir. 1989). For this additional reason Plaintiff's complaint fails to state an actionable claim for relief.

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 6, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.